IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| D'WAYNE BAILEY,<br><br>  Plaintiff,<br><br>v.<br><br>DOC DIRECTOR MIKE BATISTA, ET. AL.,<br><br>  Defendants. | CV-16-22-GF-BMM-JTJ<br><br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff D'Wayne Bailey has filed an Amended Complaint (Doc. 9), Second Amended Complaint (Doc. 13), Third Amended Complaint (Doc. 16), Fourth Amended Complaint (Doc. 20), and corresponding supplements to these complaints (Docs. 17, 19, and 21). Bailey alleges violations of the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. United States Magistrate Judge John Johnston issued Findings and Recommendations in this matter. (Doc. 24.) Judge Johnston recommended that the Court dismiss all of Bailey's claims for failure to state a claim, with the exception of one claim alleging an equal protection violation. *Id.* at 1.

1

Bailey filed objections. (Doc. 26.) The Court reviews de novo findings and recommendations to which objections are made. 28 U.S.C. § 636(b)(1)(C). The Court has reviewed the Findings and Recommendations de novo and concurs with Judge Johnston.

## I.     BACKGROUND

A Montana state court sentenced to Bailey to 45 years in custody in June 2005. Bailey spent some of his term within the Montana Department of Corrections, was transferred via an interstate compact agreement to California, and then returned to Montana's custody. (Doc. 2-1 at 4.) The Court construed Bailey's first filing in this case as a 42 U.S.C. § 1983 complaint. His filing included three separate habeas petitions. The Court informed Bailey it would not consider petitions and documents filed in other courts.

Judge Johnston has organized Bailey's claims into six claim headings across the four amended complaints. For his first claim, Bailey alleged that Montana State Prison (MSP) has denied him adequate toiletries and legal materials, and access to the courts, in violation of his Eighth and Fourteenth Amendment rights. Second, Bailey alleged that MSP and Crossroad Correctional Associates (CCA) officials have demonstrated deliberate indifference to his medical issues, in violation of the Eighth Amendment. Third, Bailey asserted that MSP has violated his right to due process through racially motivated housing placement. Fourth he claimed that

Interstate Compact Coordinator, Linda Moodry, violated his rights when she destroyed and/or failed to have his property shipped back to Montana from California. Bailey's fifth claim alleged that MSP has denied him a special vegetarian diet in violation of his First and Fourteenth Amendment rights, as well as a violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA). His sixth claim asserted that MSP medical personnel are denying him care in violation of his Eighth Amendment rights.

## II. DISCUSSION

The Court must review Bailey's claims and dismiss any claim that is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." 28 U.S.C. § 1915; 28 U.S.C. § 1915(A). To state a claim under §1983, a plaintiff must allege (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff is additionally required to allege a specific injury suffered and show a causal relationship between the defendant's conduct and the injury suffered. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Liability does not attach to an individual defendant on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Bailey must identify the particular person or persons who violated his rights. He must also plead facts showing how that particular person was involved in the alleged violation.

Before dismissing claims in a pro se complaint, the litigant must be provided with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend. *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992). Bailey was provided with such notice of the deficiencies and filed several amendments to his original complaint. Judge Johnston recommends the Court dismiss Bailey's first, second, fourth, fifth, and sixth claims. He further recommends that the Court dismiss part of Bailey's third claim.

### A. Claim One: Denial of Toiletries and Legal Materials, and Discrimination in Employment

Bailey's first claim includes allegations of denial of sufficient toiletries and legal materials, as well as racial discrimination in prison employment that prevents him from obtaining extra toiletries and legal materials. Bailey alleges his Eighth

4

Amendment right to humane conditions of confinement has been violated because he does not receive enough razors, soap, toothpaste, or shaving supplies.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). To show a violation of the Eighth Amendment, plaintiff must allege facts sufficient to support a claim that a prison official knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Bailey admits that he is provided toiletries, even if he disputes that the quantity meets his needs. This claim fails.

Bailey also seems to allege that MSP and CCA have violated his right to access courts under the Fourteenth Amendment. He specifically takes issue with the amount of legal supplies provided. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prisoners also have a right "to litigate claims challenging their sentences or the conditions of their confinement to conclusion without active interference by prison officials." *Silva v. DiVittorio*, 658 F.3d 1090, 1103 (9th Cir. 2011), overruled on other grounds by *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). The plaintiff must allege that the deprivation actually injured his litigation efforts, in that the defendant hindered his efforts to bring, or caused him to lose, an actionable claim

5

challenging the conditions of his confinement. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Bailey fails to show actual injury. He admits that he is provided with five stamped envelopes, paper, and 30 copies. Bailey has demonstrated that he is capable of filing documents with this Court. He has filed exhibits with this Court that indicate his ability to litigate his claims through the prison grievance system and the state courts. This claim fails.

Bailey further seems to allege violations of his Fourteenth Amendment rights by racial discrimination in prison employment. Bailey asserts that he has been unable to obtain a job that would allow him to pay for toiletries and legal supplies outside those provided. Racial discrimination in prisons is unconstitutional under the Fourteenth Amendment, except for "the necessities of prison security and discipline." *Cruz v. Beto*, 405 U.S. 319, 321 (1972) (per curiam).

While the due process clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment, racial discrimination in the assignment of jobs violates equal protection. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). Bailey fails to provide specific examples of defendants discriminating against him, specific situations where he was treated unequally, or where race was a factor used to deny him employment. Bailey has failed to make a

claim to establish that prison officials have discriminated against him in the employment context.

### B. Claim Two: Denial of Medical Care for Chronic Conditions

Bailey alleges that he has been denied sufficient care for his thickened gall bladder, his ANA/rheumatoid arthritis, and his Raynaud's Syndrome. To prevail on an Eighth Amendment claim based upon the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir. 1996).

As detailed in Judge Johnston's Findings and Recommendations, Bailey has established that physicians and members of the medical staff have seen him and have developed a treatment plan and a chronic care plan. (Doc. 24 at 15.) Bailey

7

has failed to demonstrate that Defendants acted with deliberate indifference to his medical needs.

### C. Claim Three: Housing Placement and Discrimination

Bailey alleges that MSP has prevented him from completing programs required to become eligible for parole, violating his Eighth Amendment rights. Bailey was previously on single cell status before his transfer to California. He contends that MSP officials removed him from single cell status. (Doc. 13 at 12.) Bailey asserts that he ends up in administrative segregation because he continues to be housed with inmates with whom he does not get along. *Id*. at 13. Bailey requests that he be placed back on single cell status in D-Unit or A-Unit where his court ordered programs are available.

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). Bailey has failed to set forth sufficient factual allegations to allege an objectively serious deprivation or that any named defendant possessed a sufficiently culpable state of mind. Bailey does not state an Eighth Amendment claim with regard to placement in a single cell or in a particular place in the prison. This claim fails.

Bailey also advances due process and equal protection violations, claiming as a result of the discriminatory housing he has been denied the ability to complete court ordered programs. (Doc. 2-1 at 6-7); (Doc. 13 at 12-13.) Bailey has made this same claim, with additional detail in a companion habeas case. *Bailey v. Fender, et. al*, CV-16-84-H-DLC-JTJ, Pet. (filed Sept. 1, 2016).

Bailey alleges that although the Board of Pardons and Parole has refused to see him because he has not completed his court-ordered programs, it has seen similarly-situated white inmates. *Id*. at 8. In support of his claim, Bailey explains that another inmate, William Hopkins, was given preferential placement in his treatment program by treatment provider Blair Hopkins. *Bailey v. Fender, et. al*, CV-16-84-H-DLC-JTJ, Ex. to Pet. at 5 (filed Sept. 1, 2016). Bailey also alleges that white inmates are placed in groups before him and are seen by the Parole Board before they completed their court-ordered programming. *Id*. at 7. Bailey seeks to be placed on single-cell status and in the requisite programs, to appear before the Board of Pardons and Parole, and ultimately to be transferred back to California. *Bailey v. Fender, et. al*, CV-16-84-H-DLC-JTJ, Pet. At 13 (filed Sept. 1, 2016).

Bailey's claim that he has been denied sexual offender treatment while in prison, does not implicate a protected interest. Sexual offenders serving criminal sentences do not have a constitutional right to rehabilitative treatment. *Balla v.*

9

*Idaho State Bd. of Corr.,* 869 F.2d 461, 470 (9th Cir. 1989). Bailey's additional due process claim, alleging denial of parole eligibility due to his inability to complete sex offender treatment, does not implicate a protected interest. Prisoners have "no constitutional or inherent right" to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Within the statutory scheme of Montana under which Bailey was sentenced no liberty interest existed under the due process clause. *Worden v. Mont. Bd. of Pardons & Parole*, 962 P.2d 1157, 1165 (Mont. 1998). These claims are dismissed.

Bailey also advances an equal protection claim alleging unequal treatment of sexual offenders at the prison, specifically that white inmates have been given preferential treatment in their program placement and appearance before the parole board. Because the preferential treatment as alleged in the claim is based upon a suspect class, the Court requires an answer from the Defendants. *See City of Cleburn, Tex. v. Cleburn Living Ctr.*, 473 U.S. 432, 440 (1985).

### D. Claim Four: Denial of Property

As Judge Johnston details, Bailey cannot move forward with his denial of property claim because he entered into a settlement agreement and received compensation for his lost property. (Doc. 24 at 20-22.) Because he had adequate post-deprivation remedies available, due process is satisfied and Bailey has failed to state a cognizable claim. This claim is dismissed.

## E. Claim Five: Denial of Vegetarian Meals

Bailey has claimed that MSP violated his equal protection rights by not providing him vegetarian meals. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Judge Johnston determined that Bailey had failed to establish that he is vegetarian and was thus treated the same manner as any other inmate under MSP policy. (Doc. 24 at 23-24). This claim fails.

Bailey also asserts that MSP has violated his First Amendment right to free exercise of religion. "A prisoner's religious concern implicates the free exercise clause if it is (1) 'sincerely held' and (2) 'rooted in religious belief,' rather than in secular philosophical concerns." *Penwell v. Holtgeerts*, 386 Fed.Appx. 665, 667 (9th Cir. 2010) quoting *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir. 1994); *see also Shakur v. Schiriro,* 514 F.3d 878, 885 (9th Cir. 2008). Bailey does not identify his religion, nor does he show a sincerely held religious belief that requires him to eat only vegetarian meals. Bailey's First Amendment claim fails. Bailey's RLUIPA claim also fails because he has not explained what his religion is and how the

11

application of the prison's vegetarian policy substantially burdens his exercise. *See* 42 U.S.C. § 2000cc(a)(1).

### F. Claim Six: Denial of Medical Care/Accommodations for Knee

Bailey asserts that MSP medical personnel are denying him care and permitting unqualified nurses and nurse practitioners to make medical determinations in contravention of other specialists' recommendations, particularly in relation to his knee problems and knee braces. The Court concurs with Judge Johnston's determination that while Bailey has established that a difference of opinion exists between the medical staff at CCA and MSP, as addressed in Claim Two, mere difference of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson*, 90 F.3d at 332 (9th Cir. 1996). (*See* Doc. 24 at 25-28.)

### III. ORDER

Accordingly, **IT IS ORDERED** that Magistrate Judge Johnston's Findings and Recommendations (Doc. 24) is **ADOPTED IN FULL**. Bailey's claims 1, 2, 4, 5, and 6 are **DISMISSED WITH PREJUDICE** for failure to state a claim. Defendants Mihelich, Redfern, Phipps, Pearson, Molnar, Moodry, Hunt, Danaher, Fode, Riddle, Hiner, Rantz, Kohut, Doe Defendants/MSP Medical Review Committee, and Decker are **DISMISSED WITH PREJUDICE**.

Claim 3 is **DISMISSED WITH PREJUDICE**, with the exception of the portion of that claim advancing an equal protection violation. Defendants Batista, Kirkegard, Beason, Hopkins, and Adden must file a response to Bailey's remaining portion of claim 3 alleging an equal protection violation, specifically that defendants give preferential treatment to white inmates relative to their placement in court ordered programs and appearance before the Board of Pardons and Parole.

DATED this 27th day of July, 2017.

/s/ Brian Morris
Brian Morris
United States District Court Judge